NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRAYA C. CARON, | No. 17-55963 |
| Plaintiff-Appellant, | D.C. No. 8:17-cv-00565-JLS-JDE |
| v. | |
| FLETCHER JONES MOTOR CARS, INC.; MERCEDES-BENZ USA, LLC, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Craya C. Caron appeals pro se from the district court's order dismissing her

action alleging federal and state law claims arising out of her purchase of a pre-

owned vehicle. We have jurisdiction under 28 U.S.C. § 1291. We review de novo

a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and on the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

basis of the statute of limitations. *Ventura Mobilehome Cmtys. Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1050 (9th Cir. 2004). We affirm.

The district court properly dismissed Caron's Racketeer Influenced and Corrupt Organizations Act ("RICO") claim as barred by the applicable statute of limitations. *See Pincay v. Andrews*, 238 F.3d 1106, 1108-09 (9th Cir. 2001) (four-year statute of limitations for civil RICO claims begins to run when a plaintiff knows or should have known of the injury underlying the action); *Grimmett v. Brown*, 75 F.3d 506, 511-12 (9th Cir. 1996) (discussing injury discovery rule for civil RICO claims).

The district court properly dismissed Caron's claim under the Federal Trade Commission Act ("FTCA") because the FTCA does not confer a private cause of action. *See Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981) (explaining that the FTCA rests remedial power solely in the Federal Trade Commission and there is no private right of action to bring a claim under the FTCA).

The district court did not abuse its discretion in dismissing Caron's action without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court can dismiss without leave to

2                                                                                    17-55963

amend where amendment would be futile).

Caron's request to strike portions of the answering brief and petition for writ of administrative mandamus, set forth in her reply brief, are denied.

Fletcher Jones Motor Cars, Inc.'s motion for judicial notice and motion to dismiss and/or strike (Docket Entry Nos. 7 and 12) are denied.

**AFFIRMED.**